J-S79031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN RAMON SILVA, | : | |
| | : | |
| Appellant | : | No. 1074 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 22, 2018
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005476-2016

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 15, 2019**

Juan Ramon Silva ("Silva") appeals from the judgment of sentence imposed following his convictions of two counts each of aggravated indecent assault – complainant less than 13 years old, indecent assault of a person less than 13 years of age, and corruption of minors.[1]  We affirm.

The trial court set forth the relevant factual and procedural history underlying the instant appeal as follows:

> On May 10, 2016[, the] Lancaster City Bureau of Police received a report from the Lancaster County Children and Youth Agency that [Silva] had had inappropriate sexual contact with his step-grandchildren, I.R. [born in August 2001] and A.R. [born in August 2003] some years prior.  Both children were forensically interviewed at the Lancaster County Children's Alliance regarding the allegations.  Each child disclosed that on separate occasions in 2008 or 2009, [Silva] digitally penetrated them during overnight visits at his home at 603 S. Prince Street in Lancaster, Lancaster County, Pennsylvania.

---

[1] 18 Pa.C.S.A. §§ 3125(a)(7), 6318(a)(1), 6301(a)(1).

Based on these disclosures, Detective Aaron Harnish [("Detective Harnish")] contacted [Silva] on August 22, 2016[.] [Silva] voluntarily came in to the Lancaster Bureau of Police to be interviewed. The two-and-a-half-hour interview was captured on video. At the outset of that interview, [Silva] was read his **Miranda**[2] rights[,] and he indicated that he was making a knowing, voluntary, and intelligent waiver of those rights. [Silva] was also advised of his right to counsel[,] and indicated that he was willing to waive that right. During the first half of the interview, [Silva] made admissions that he had physical contact with the victims, but denied sexual contact. After taking a short break[,] Detective Harnish informed [Silva] that based on a review of the evidence in this case and the statements made by [Silva], charges against [Silva] had been approved[,] and Detective Harnish continued to interrogate him. [Silva] continued to deny intentional sexual conduct but made admissions that skin-on-skin contact may have occurred. Following the interview, [Silva] was taken into custody.

Prior to trial, [Silva] filed two pre-trial suppression [M]otions.[FN] At the hearing on both [M]otions, [the trial court] asked counsel to outline the specific suppression issues to be addressed. [Silva] stipulated that he was properly **Mirandized** at the beginning of the interrogation and that there was no challenge to the first half of the interview. Counsel then acknowledged that the only challenge being raised was whether he was unfairly induced into inculpating himself by Detective Harnish's interrogation tactics. After a careful review of the record and the law, [the trial court] found [Silva's] claims meritless and denied his suppression [M]otion on November 13, 2017.

[FN] The first suppression [M]otion broadly challenged that his waiver of **Miranda** rights prior to the interview was not knowing, voluntary, and intelligent[,] although it did not aver a specific reason as to why this was the case. The second suppression [M]otion challenged that Detective Harnish unfairly induced [Silva] into inculpating himself.

After a four-day jury trial[, Silva] was convicted on January 25, 2018 of [the above-mentioned crimes]. [The trial court]

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

subsequently sentenced [Silva,] on June 22, 2018[,] to an aggregate [term] of ten to twenty (10-20) years of incarceration. [Silva] filed his Notice of [] Appeal on July 2, 2018[,] and his [court-ordered Pa.R.A.P. 1925(b)] Concise Statement of Errors on July 19, 2018[,] to which the Commonwealth provided a timely response.

Trial Court Opinion, 8/14/18, at 1-3 (citations to record and some footnotes omitted).

On appeal, Silva raises the following question for our review:

Whether the trial court erred in denying [Silva's] [M]otion to suppress the portion of [Silva's] video-recorded statements to law enforcement where [Silva] admits to having physical contact with the victims[,] when the record clearly demonstrated that [Silva] requested an attorney and no longer wished to answer questions?

Brief for Appellant at 4.

We adhere to the following standard of review:

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

***Commonwealth v. Arnold***, 932 A.2d 143, 145 (Pa. Super. 2007) (citation omitted).

Silva claims that he asserted his right to an attorney when he realized that Detective Harnish would not allow him to leave the interview. Brief for Appellant at 10. According to Silva, Detective Harnish continued to question

Silva, even after he requested an attorney, in an attempt to obtain a confession.  **Id.** at 10-11; **see also id.** at 11 (arguing that Detective Harnish lied to Silva by indicating that an assistant district attorney was watching the interview, and by stating that there was medical evidence establishing that digital penetration had occurred years prior).  Silva asserts that any statements he made to Detective Harnish, after expressing his wish for an attorney, should have been suppressed.  **Id.** at 11-12.[3]

The trial court addressed Silva's claim as follows:

> [Silva's] only claim on appeal is that his statement to Detective Harnish should have been suppressed at trial because he requested an attorney and no longer wished to answer questions.  … [Silva] did not raise this claim in the suppression hearing held on October 23, 2017.  In fact, [Silva] stipulated at the beginning of that hearing that his **Miranda** waiver was knowing, voluntary, and intelligent.  [Silva] never challenged that he was denied the right to counsel or was otherwise forced to answer questions.  For this reason, [the trial court] considers his appeal on this issue waived.
>
> Even if [Silva] had properly preserved this issue[,] it is meritless.  An invocation of the right to remain silent or request for an attorney must be unambiguous.  After careful review of the two-and-a-half-hour interview, [Silva] at no time unambiguously requested an attorney or indicated that he no longer wished to answer questions.  The only point in the interview in which [Silva] might have mentioned obtaining counsel was mumbled and could be interpreted as either:  "I might call her a liar[,]" or "I might have to call a lawyer."  If it is the former, which indeed seems most likely given the context in which the statement was given, there is no appealable issue.  If it is the latter, it would not qualify as an unequivocal request for an attorney[,] nor an indication that

---

[3] Silva failed to cite to any relevant legal authority in support of his claim. **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

he no longer wished to answer questions. Indeed, the assertion that [Silva] no longer wished to answer questions is belied by the fact that he told Detective Harnish that he did not regret coming in to talk to him[,] even after he was told that he was being charged. [Silva's] contention is therefore meritless.

Trial Court Opinion, 8/14/18, at 3-4 (citations and some paragraph breaks omitted). Our review confirms that Silva failed to preserve his claim in his Motion to suppress, at the suppression hearing, or in a post-hearing submission.[4] ***See Commonwealth v. Carper***, 172 A.3d 613, 619 (Pa. Super. 2017) (indicating that a defendant must preserve a suppression issue in a motion to suppress, at a suppression hearing, or in a post-hearing submission); ***see also*** Pa.R.A.P. 302 (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Thus, his sole claim on appeal is waived.

Because Silva failed to preserve his claim for review, and we otherwise discern no error by the trial court, we affirm Silva's judgment of sentence.

---

[4] We additionally note that while the video recording of the challenged interview was admitted into evidence at trial, Silva failed to include a copy of the video in the certified record. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (stating that "the responsibility rests upon the appellant to ensure that the certified record on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.").

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2019